UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

THE BANK OF NEW YORK TRUST :
COMPANY, NATIONAL ASSOCIATION :
AS TRUSTEE FOR MORGAN STANLEY :
CAPITAL I INC., COMMERCIAL :
MORTGAGE PASS-THROUGH, : Case No. 09-CV-00328
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 92]
CITY VIEW CENTER, LLC, ET AL, :
:
      Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      The City of Garfield Heights moves to intervene in this action. The case at bar has been pending since 2009. Defendant City View Center is a shopping mall and commercial retail outlet located on top of an old landfill in the City of Garfield Heights, Ohio. Plaintiff is the holder by assignment of Defendant's $81 million promissory note and mortgage on the property.[1]

      In July 2008, the Attorney General of Ohio brought an environmental protection action against the Defendant, citing various environmental issues on the property, including improper control of methane gas.[2] Subsequently, the lead tenant of the property closed, citing safety concerns relating to the gas issues; other tenants exercised their rights to pay alternative lower rents under the co-tenancy clauses of their leases.[3] Other related problems continued to erode

---

[1] Doc. 7 at 1-2.
[2] Doc. 1 at ¶ 12.
[3] *Id.* The alternative rent was a percentage of gross sales rather than a fixed rate.

Case No. 09-CV-00328
Gwin, J.

the solvency of the property and its tenant enterprises. On December 3, 2008, the Defendant notified the Plaintiff that it no longer had sufficient revenues to cover its operating expenses.[4]

On February 11, 2009, Plaintiff filed this action, alleging default of obligations under the loan documents, which triggers the appointment of a receiver.[5] On February 23, 2009, the Court[6] appointed Donald Shapiro as receiver.[7]

On December 16, 2011, Plaintiff filed an Amended Complaint seeking foreclosure and sale of the Property against City View and four new co-defendants.[8] This Court entered a Default Judgment on May 31, 2012, "ordering that Mortgaged Premises be sold at foreclosure sale, with the Receiver appointed in this action having the power and authority pursuant to 28 U.S.C. Section 2001, *et. seq.* to conduct said foreclosure sale."[9]

The foreclosure sale has not taken place.

The City of Garfield Heights moves to intervene, stating that it had hoped to work with Shapiro to "re-energize the Property and create a successful retail operation."[10] However, the City claims that its efforts have been "rebuffed and ignored."[11] The City requests intervention due to its, "significant interest in the success of the Property, receiving tax revenue from the Property, and concerns over environmental and health issues that may arise from the failure to properly maintain and monitor the methane gas wells. Only through intervention will Garfield Heights be able to adequately protect its interests and its citizens regarding the Property."[12]

---

[4] *Id.*
[5] *Id.* at ¶¶ 15-18.
[6] At the time, Judge Kathleen O'Malley presided over the case.
[7] Doc. 7.
[8] Doc. 43.
[9] *Id.* at 3.
[10] Doc. 92-1 at 2-3.
[11] *Id.* at 3.
[12] *Id.*

Case No. 09-CV-00328
Gwin, J.

Receiver Donald Shapiro and Plaintiff New York Trust Company, N.A. oppose the motion to intervene.[13]

Because the City of Garfield's motion to intervene is untimely and because the City lacks sufficient stake in the case, the Court **DENIES** the motion to intervene.

### I. Legal Standard

Under Federal Rule of Civil Procedure 24, a Court must approve intervention of right where a third party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." To intervene of right, the Sixth Circuit requires that the intervenor: (1) move timely; (2) possess a substantial legal interest in the case; (3) suffer impairment of her ability to protect that interest unless she is allowed to intervene; and (4) demonstrate that the parties before the Court will not adequately represent her.[14]

Alternatively, Rule 24 allows for permissive intervention where the proposed intervenors are timely and have "a claim or defense that shares with the main action a common question of law or fact." If both of these requirements are satisfied, the Court must turn to a balancing of "undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention would be allowed."[15]

Under either permissive or of-right intervention, the motion must be timely. In considering timeliness, the Court looks to:

---

[13] Doc. 99; Doc. 98-1. Plaintiff moved for leave to file an opposition to the motion to intervene, attaching its opposition as an *instanter* pleading. The Court hereby grants Plaintiff's motion for leave to file and considers the attached brief as filed.
[14] *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).
[15] *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

Case No. 09-CV-00328
Gwin, J.

> (1) the point to which the case has progressed; (2) the purpose for which the applicant seeks intervention; (3) the length of time preceding the motion during which the applicant knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the applicant's failure to promptly intervene after he knew or reasonably should have known of his interest in the case; and (5) the existence of unusual circumstances weighing in favor against or in favor of intervention.[16]

## II. Discussion

The City of Garfield Heights' motion is untimely filed. The case has progressed substantially. Indeed, a default judgment was entered more than three years ago. There are no merits left to adjudicate in the case. Most compelling, the City was aware of its own interest in the property from as early as 2009.

The City also has not presented a substantial legal interest in the case. The City's concerns are speculative and unsubstantiated. The City cites concerns over revitalization, jobs, environmental concerns, and crime in the area. The City may well have a general interest in promoting this commercial venue within its bounds. But it does not have a legally cognizable interest under Rule 24 in the case at bar.

Moreover, the City has not met its burden in showing a "common claim or defense" that could allow for permissive intervention. Neither Plaintiff's nor Defendant's pleadings are concerned with employment, crime rates, or other secondary effects of the property's use. The present litigation is a dispute over a promissory note secured by real property.

The City tries to point to mitigating factors—the on-going receivership and the present difficulties in collecting taxes. But these are not persuasive.

---

[16] *See Grubbs v. Norris*, 870 F.2d 343, 344-45 (6th Cir. 1989).

-4-

Case No. 09-CV-00328
Gwin, J.

Garfield Heights points to a recent, though unpublished, Sixth Circuit opinion reversing the denial of a motion to intervene. In *Davis v. Lifetime Capital*,[17] the Sixth Circuit pointed out that "[r]eceiverships proceed in a non-linear fashion and are indefinite in duration." As a result, the Court concluded, it was not apparent that the case had proceeded too far for the motion to be timely. *Davis* is easily distinguishable. The party moving to intervene in *Davis* alleged that he had $100,000 in assets wrongfully seized in the district court's overly broad efforts to recover funds associated with the Defendant's fraud. The intervenor sought to recover the funds from the receivership estate. Time was clearly of the essence in *Davis*: the party had a direct interest and needed to intervene to protect that interest before the receivership estate's assets wound down.

Here, the City of Garfield Heights has not shown any specific interest akin to the wrongly-seized funds in *Davis*. If it is concerned about unpaid taxes and the unfinished foreclosure, it has other remedies. As pointed out by Plaintiff's opposition, the City can obtain a tax lien and foreclose on the property itself. It cannot and need not intervene in this lawsuit to effectuate its rights.

The City of Garfield Heights' motion to intervene is **DENIED**.

IT IS SO ORDERED.

Dated: February 1, 2016     *s/    James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[17] 560 Fed. App'x. 477 (6th Cir. 2014).